IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MIRZA N. BAIG and | ) | |
| BLUE SPRINGS WATER CO., | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 4206 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| THE COCA-COLA COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant The Coca-Cola Company has filed a motion for reconsideration of this court's May 27, 2009 memorandum opinion and order (the "May 27 Order"). The motion is denied.

Defendant's motion for reconsideration raises nothing new; it merely repeats and re-emphasizes arguments made and considered by the court in reaching its decision to deny defendant's motion to dismiss the complaint. The law is clear and has been quite clear for many years, that a defendant who is sued in a court that lacks personal jurisdiction over the defendant "is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds." Insurance Corp. of Ireland, Ltd. v. Compagnie de Bauxites de Guinee, 456 U.S. 694, 706 (1982).

Defendant argues at length that the Georgia default judgment order recited that the Georgia court had personal jurisdiction over the defendant (plaintiff in the instant case), thus distinguishing the case from Board of Trustees, Sheet Metal Workers' Nat. Pension Fund v. Elite Erectors, Inc., 212 F.3d 1031, 1034 (7th Cir. 2000), which was cited by this court in the May 27 Opinion. Defendant is wrong. First, the language cited by this court that it was "free to disregard the judgment [of a different district court] without formally annulling it under Rule

60(d)(4), if the rendering court lacked jurisdiction," was not dicta in <u>Elite Erectors</u>. It was central to that court's decision. More importantly, the additional cases that defendant seeks to distinguish, including <u>Adam v. Saenger</u>, 303 U.S. 59, 62 (1938), and <u>In re Joint Eastern & Southern Districts Asbestos Litigation</u>, 22 F.3d 755, 762, n.15 (7th Cir. 1994), apply res judicata effect to a finding by the rendering court (in this case the Georgia District Court) only if the jurisdictional issue was "litigated" in that court. It was not.

In the context of a case resolved by entry of a default order, "none of the issues is actually litigated." Restat 2d of Judgments, § 27. In this context, "litigate" implies a judicial contest joined in fact by opposing adversaries. See <u>Eastman v. Symonds</u>, 108 Mass. 567, 569-70 (Mass. 1871) ("Facts in controversy, bearing such relation to the judgment rendered, are the only ones which can in any legal sense be said to have been "litigated" in any judicial proceeding."). Were the term to include all findings, jurisdictional as well as on the merits, the primary rule -- that judgments entered without personal jurisdiction over the defendant are void and unenforceable -- would mean nothing. A "litigated" result has preclusive effect because parties who have lost a contested issue must not be able to re-litigate the issue in a different court. This is the principle underlying res judicata and collateral estoppel. See <u>Allen v. McCurry</u>, 449 U.S. 90 (U.S. 1980); <u>Parklane Hosiery Co., Inc. v. Shore</u>, 439 U.S. 322, 326 (U.S. 1979). But a party over whom the rendering court lacked jurisdiction is not bound to subject himself to that court's process to avoid being bound by that court's judgment.

This conclusion finds further force when, as in the instant case, the foreign judgment was entered by default and the rendering court was presented with no factual support for its finding of personal jurisdiction. Plaintiff did not appear or contest any matter in the Georgia litigation.

Instead, defendant requested and obtained a default judgment order that it drafted, reciting that there was personal jurisdiction over plaintiff. Yet, as plaintiff points out in response to the instant motion to reconsider, defendant presented the Georgia court with no jurisdictional facts to support that finding. Like the judgment itself, it was merely entered by default. It was not "litigated."

Finally, defendant asks this court, in the event it denies the motion to reconsider (as it has), to certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The court declines to do so for several reasons. First, the United States Court of Appeals for the Seventh Circuit looks with disfavor upon interlocutory appeals of jurisdictional disputes. Second, there is nothing novel or particularly controversial about the court's May 27 Order or its denial of the motion to reconsider.

For these reasons, defendant's motion to reconsider the May 27 Order is denied. In addition, plaintiff has filed a motion for leave to file a second amended complaint clarifying its position with respect to Count II, based on the Canadian Trademark Act. That motion is granted, and plaintiff is given leave to file the second amended complaint attached to its motion as Exhibit B. Defendant is ordered to answer the amended complaint on or before August 28, 2009. The parties are directed to meet and confer with respect to a discovery plan and to file with the court a joint status report using the court's form on or before August 31, 2009. This matter is set for a report on status September 8, 2009 at 9:00 a.m.

**ENTER:** July 28, 2009

_____
**Robert W. Gettleman**
**United States District Judge**