

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIRZA N. BAIG and BLUE SPRINGS WATER CO., | ) ) ) |
| Plaintiffs, | ) No.: 08 CV 04206 ) |
| v. | ) Judge: Gettleman ) |
| THE COCA-COLA COMPANY, | ) Magistrate Judge: Denlow ) |
| Defendant. | ) |

## STIPULATED PROTECTIVE ORDER

By stipulation and agreement of the parties, it is hereby ORDERED that the following provisions shall govern the treatment of non-public, confidential information disclosed in connection with discovery in this action:

1.

Any party or non-party asked to provide discovery or other information in connection with this action may designate all or portions of any information, documents or other materials produced or furnished by such party or non-party, including but not limited to non-public organizational charts, business information, personnel information, medical records and communications with consumers, as CONFIDENTIAL. Information, documents or other materials that are designated as CONFIDENTIAL may only consist of that which the designating party or non-party reasonably believes is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure.

2.

Any party or non-party asked to provide discovery or other information in connection with this action may designate all or portions of any information, documents or other materials produced or furnished by such party or non-party, including but not limited to confidential, non-public trade secrets, financial statements, sales and marketing information and strategies, consumer and market research reports, manufacturing information, business plans, license agreements, competitive analysis or other information the disclosure of which could cause competitive or commercial damage or injury to such party or non-party, as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. Information, documents or other materials that are designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY may only consist of that which the designating party or non-party reasonably believes is entitled to heightened protection under Rule 26(c) of the Federal Rules of Civil Procedure.

3.

In no event shall information, materials or documents be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY for the purpose of impeding the ability of the receiving party or its counsel to properly prepare for or conduct the trial of this action, including conducting pre-trial proceedings and evaluating the parameters of possible settlement.

4.

Any document or transcript (or portions thereof), whether an original or copy, including any exhibits and answers to interrogatories, as well as physical objects, recordings or things that any party deems to contain CONFIDENTIAL or HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY information shall be labeled on the pertinent pages of such document or on such physical object with the appropriate designation. The title page of the document shall be endorsed with a legend noting that at least part of it contains information that has been designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. Information that is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and that is not reduced to documentary, tangible or physical form, or cannot be conveniently labeled, shall be so designated by reasonable identification in writing. Information that is disclosed pursuant to discovery requests, whether or not labeled CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, may not be used for any purpose that is not related to the prosecution or defense of this action, unless such information was otherwise known by the recipient, is publicly available, or subsequently becomes known to the recipient from a source that is wholly unrelated to the discovery that is being conducted in this action. In the event a party elects to produce original documents or other materials for inspection, no markings of CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY need be made by the producing party on such originals, and it shall be sufficient if the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY nature of the originals is sufficiently identified at the time of production and necessary markings are made on copies of such originals that are produced contemporaneously with or within a reasonable time subsequent to the production of such originals.

5.

Information, materials or documents designated as CONFIDENTIAL may only be disclosed to authors, addressees or prior recipients of such information, materials or documents and the following persons:

(a) The attorneys for the parties to this action, including both outside and in-house counsel for the parties, who are involved in the litigation of this action or providing legal advice, legal counsel, and/or legal direction with respect to the litigation of this action, and the staff of such attorneys;

(b) Individual parties and employees or principals of other parties, but only to the extent that input by them with respect to such information, materials or documents is reasonably necessary in connection with the litigation and/or resolution of this action, including pre-trial proceedings and evaluation of possible settlement;

(c) Deposition witnesses who would not otherwise be permissible recipients of the information, but only in the context of (i) questions posed to the witness during a deposition, which questions relate to information that was designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by a party or non-party with which that witness has or had a legal or business affiliation or association, or (ii) questions posed to the witness during a deposition, which questions relate to information that was designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by a party or non-party with whom that witness has or had no legal or business affiliation or association, if such questions are reasonably necessary to clarify or rebut testimony that the witness gave in response to examination by opposing counsel;

(d)     The Court and its personnel in conducting their duties in respect of this action;

(e)     Court reporters, videographers, outside commercial copying and other litigation support services, but only to the extent that it is reasonably necessary for the rendering of their respective services in the respect of this action; and

(f)     Testifying or consulting experts (and their staff) who are specifically retained for trial preparation or trial testimony purposes in this action, but only to the extent that input by them with respect to such information, materials or documents is reasonably necessary in connection with the litigation and/or resolution of this action, including pre-trial proceedings and evaluation of possible settlement.

6.

Information, materials or documents designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY may only be disclosed to authors, addressees or prior recipients of such information, materials or documents and the persons listed in paragraphs 5(a), 5(c), 5(d), 5(e) and 5(f), and then only to the extent set forth in those paragraphs.

7.

Persons who are authorized under the provisions of paragraphs 5 or 6 (other than paragraph 5(c)) to receive information, materials or documents that are designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall not disclose or disseminate such information other than to other persons who are permissible recipients of such information, materials or documents under the provisions of paragraphs 5 or 6 (other than paragraph 5(c)), whichever is applicable to the

particular information, materials or documents, and then solely for a purpose that is related to the litigation and/or resolution of this action, including pre-trial proceedings and evaluation of possible settlement. Counsel or other persons who provide such information to such recipients shall advise such recipients of this Order and shall provide such recipients with a copy of this Order, if they have not previously received it. Any recipient who receives a copy of, or is otherwise aware of, this Order shall be bound by this Order and shall be subject to the jurisdiction of this Court in connection with any enforcement of this Order against that recipient or others. Information, materials or documents that are designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall not be disclosed or disseminated to persons whose sole authorization to receive them is under paragraph 5(c), except as set forth in paragraph 5(c).

8.

Any court reporter, transcriber or videographer who reports or transcribes testimony in this action at a deposition shall note, at the appropriate starting and ending point, those portions, if any, of the transcript that have been designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

9.

Nothing contained herein shall be construed as prohibiting disclosure or dissemination other than as permitted by this Order if the party or non-party that designated the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY expressly consents to such disclosure or dissemination or if

the Court, after notice and an opportunity to be heard, permits such disclosure or dissemination.

10.

Any information, materials or documents that have been designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be accorded the treatment that such designated information, materials or documents enjoy under this Order until such time, if any, as a challenge is made to the designation. If a challenge is made and is not resolved without judicial intervention, the designating and challenging parties shall jointly expeditiously request judicial determination of the matter. The burden of proving entitlement to the requested protection shall be on the designating party.

11.

Papers or materials that, at the time of their filing with the Court, have been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, and as to which no determination of the propriety of such designation has been made by the Court, may only be filed under seal if a party has obtained the Court's prior approval for such filing under seal. The need to file such papers under ECF shall be adjusted accordingly. The provisions of this paragraph 11 shall not be amended by agreement of the parties without the Court's prior approval.

12.

Upon termination of this action in the District Court, the parties may obtain the return of any information, materials or documents previously-sealed or previously designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

that were filed with this Court by a motion filed within sixty (60) days after the close of this action in the District Court. Any such information, materials or documents that are not obtained will become part of the public case file. The provisions of this paragraph 12 shall not be amended by agreement of the parties without the Court's prior approval.

13.

This stipulation and order shall only govern proceedings other than the trial. No designation of information, materials or documents as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be construed as affording such information, materials or documents any status at trial (or on post-trial motions or appeals) that is different from that which is ordinarily accorded testimony or evidence that is adduced at public trial in a United States District Court, including, but not limited to, exclusion of any member of the public from the courtroom. Any party that believes that particular testimony or evidence is entitled to treatment different from that which is ordinarily accorded testimony or evidence that is adduced at public trial in a United States District Court may make appropriate application to the Court for such treatment at, before, during or after the trial. In no event shall the previous designation of information, materials or documents as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under this stipulation, any failure to challenge such designation, or any determination of such challenge by the Court under paragraph 10, be construed as pre-judging or deciding the issue of how testimony or evidence that is adduced at trial should be treated.

14.

Upon the termination of this action (whether by settlement or judgment final as to all appeals), the recipients of materials or documents (including deposition transcript portions) that were designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and as to which such designation was not successfully challenged, and that, if adduced at trial, were accorded special treatment, shall, within 60 days of the termination of this action, either return such materials or documents to the producing party or cause them to be destroyed, in which event counsel shall give written notice of such destruction to opposing counsel. Notwithstanding the foregoing sentence, outside counsel for the parties may keep one copy of all such materials or documents for archival purposes. Nothing in this Order shall be construed as requiring the return or destruction of attorney work product or attorney-client communications of either party.

15.

Inadvertent error or excusable neglect in failing to designate information, materials or documents as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall not preclude subsequent designation of the information, materials or documents as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

16.

The provisions of this Order shall survive and remain in full force and effect after the termination of this action until canceled or otherwise modified by Order of this Court, or by written agreement of the parties.

17.

The Court shall retain jurisdiction to enforce the provisions of this Order.

18.

The Court may modify this Order as necessary or appropriate.

SO STIPULATED AND AGREED, this 24th day of November, 2010.

_____
Glenn Seiden
AzulaySeiden Law Group
205 North Michigan Avenue, 40th Floor
Chicago, Illinois 60601
Telephone: 312-832-9200
Facsimile: 312-832-9212

Attorneys for Plaintiffs
MIRZA N. BAIG and
BLUE SPRINGS WATER CO.

/s/ Bruce W. Baber
Bruce W. Baber
King & Spalding LLP
1180 Peachtree Street
Atlanta, Georgia 30309
Telephone: 404-572-4600
Facsimile: 404-572-5100

Eileen M. Letts
GREENE AND LETTS
Suite 1650
111 W. Washington Street
Chicago, Illinois 60602
Telephone: 312-346-1100
Facsimile: 312-346-4571

Attorneys for Defendant
THE COCA-COLA COMPANY

SO ORDERED, this 30th day of November, 2010.

_____
~~Robert W. Gettleman~~ MORTON DENLOW
~~United States District Judge~~ U.S. MAGISTRATE JUDGE

- 10 -